Harrison, J.,
delivered the opinion of the Court.
This was an action of ejectment, which was tried at the March Term, 1861, before the Hon. Wm. Fitzgerald. There was a verdict for the defendant; and upon a motion for a new trial being overruled, the plaintiff appealed in error to this Court.
The plaintiffs, who, except James Little, are heirs-at-law and next of kin of James H. Martin, deceased, brought their action of ejectment in the Circuit Court of Humphreys County, on the 20th day of March, 1860, to recover from the defendant 150 acres of land, cov *166 ered by the entry, and grants relied upon, respectively, by the plaintiff and the defendant.
At the July Term, 1860, after the issue was made up, there was an order for a survey of the premises, and an order that the plaintiff be allowed to join in a demise, and “file the same” in their name, jointly with Isaac Little. This was done, and an issue made up on the demise or amended declaration. The plaintiff read and relied upon a grant from the State, issued on the 25th of November, 1841, to James H. Martin and Isaac Little; and an entry dated October, 15, 1882, in the name of said Martin; and a survey for said Martin, dated 27th November, 1888; and said Martin’s transfer to said Little, of the plat and certificate, in which latter, said Martin directed the grant to issue in the names, jointly, of said Martin and Little; which entry survey and grant, was jfor 5,000 acres, and covered the 150 acres in controversy. The plaintiffs also introduced the depositions of Elizabeth Box and Martha Powers, showing that the plaintiffs, except Isaac Little, were the heirs-at-law of James H. Martin, the ages of some of the plaintiffs, etc.
The deposition of Martha Powers, also shows that Richmond Powers built a house on the land in controversy, and moved into it and took possession, under John Lane, about the last of May, or first of June, 1853.
The record shows that the defendant was in possession of a part of the land covered by the grant of the plaintiffs.
The defendant then read a grant from the State to *167 said John Lane, for tbe 150 acres, dated tbe 15tb day of May, 1887, purporting to be based on an entry made tbe 15th day of March, 1836, and a survey dated tbe 10th February, 1837.
Tbe Court instructed tbe jury as follows: “ That tbe younger entry and older survey and grant, would overreach tbe elder entry and younger survey and grant of tbe plaintiffs, and that upon tbe face of tbe title-papers before tbe jury, tbe Court was of tbe opinion that tbe defendant bad the superior title, and that tbe jury ought to find for tbe defendant.”
There was a verdict for tbe defendant, a motion for a new trial overruled, and an appeal in error to this Court.
We think tbe charge of His Honor is erroneous. Tbe rule has been long and well settled in this State, that tbe elder legal entry and younger grant, is the superior title to tbe older grant and younger entry: Anderson vs. Cannon, 1 Cooke’s Reports; Donnigan vs. Taylor, 6 Hump., 501.
There is nothing in tbe question of hiatus suggested in argument. In 5 Sneed, 217, it was held that tbe Act of tbe Legislature, extending tbe time to obtain certificates of survey, granted North and East of tbe Congressional reservation line, and North of tbe Tennessee river, was a perfect chain of Acts, overlapping each other up to tbe Act of tbe 24th October, 1835, which extends tbe further time of two years, for obtaining grants, and tbe further time of fifteen months from and after tbe 8th October, 1835, or until tbe rise of tbe Greneral Assembly of 1837-8, for making surveys and returning plats of all entries made under *168 Act of 1828, ch. 49, and Acts subsequent thereto. The Act of 1887-8, extending the time for obtaining grants for two years from the end of that session, was passed on the 29th Nov., 1837; and on the 28th Nov., 1839, An Act was passed extending the time for obtaining grants on entries made before that time. The grant relied on by the plaintiff issued on the 25th Nov., 1841, three days before the time given in the Act of 28th Nov., 1839, expired.
The judgment of the Court below is reversed, and the cause remanded.